accounts must guide the parties. If no administration account has been settled, or if one has been passed, and the ward's share of the personal estate has not been transferred to the guardian, the sureties of the administrator will continue liable. It will be sufficient for an executor or administrator to credit himself in his administration account by retaining the legacy or distributive share of his ward as guardian. This would be evidence of his act of retainer. And so if the same is transferred to his guardian account, and he is therein charged with it.

The sureties of executors, administrators and guardians may now see by the accounts their responsibility, and then may resort to a remedy for their indemnity, if necessary.

### DANIEL THOMPSON'S LESSEE v. JAMES WATSON and JOHN McINTIRE.

High Court of Errors and Appeals. June 17, 1819.

*Ridgely's Notebook II, 450.*

On the application and consent of *Mr. Reed* for the plaintiff in error and *Mr. Vandyke* and *Mr. Rogers,* counsel for the defendant in error, the Court allows this cause to be continued, on account of the length of the session of the Court this term and the quantity of other important business before the Court. But it is understood that the consent of counsel for the continuance shall not be, and is not, a sufficient reason for a continuance.

### JAMES CRAWFORD v. JACOB KINDEN.

Court of Chancery. New Castle. June 22, 1819.

*Ridgely's Notebook II, 451.*